UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

                         Plaintiff,

            -vs-                                                    92-CV-0283C

TIM MURRAY, et al.,

                         Defendants.

---

On June 23, 2005,  plaintiff filed with the court an "Affidavit In Support of Motion for

Reconsideration" (Item 231) in which he asks the court to vacate its decision and order

dated May 25, 2005 (Item 229) granting summary judgment in favor of defendants and

dismissing the complaint.  Giving liberal construction to this filing, the court will consider it

as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure.  *See  Phillips v. Corbin*, 132 F.3d 867, 869 (2d Cir. 1998) (motion filed more

than ten days after entry of judgment properly construed as a Rule 60(b) motion); *Maalouf*

*v. Salomon Smith Barney, Inc.*, 2004 WL 2782876, at *1 (S.D.N.Y. December 3, 2004)

(whether court construes motion as request to alter or amend judgment under Rule 59(e)

or for relief from judgment under Rule 60(b) makes little difference, since standards are

substantially the same; citing cases).

Under Rule 60(b), relief from a final judgment or order may only be granted for the

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the judgment
> has been satisfied, released, or discharged . . . or it is no longer equitable

that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The overall standard for granting a motion for reconsideration is strict, and the motion will generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "is not a substitute for appeal," *Morales v. Quintiles Transnat'l Corp.*, 25 F.Supp.2d 369, 372 (S.D.N.Y. 1998), and the court should not reconsider its prior ruling "where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.   Indeed, the Second Circuit has long held that since reconsideration of a final judgment or order is "extraordinary judicial relief," *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), it is "appropriate only in cases presenting extraordinary circumstances . . . ." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir. 1989), *quoted in Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001).

Plaintiff's request for relief from the judgment in this case falls far short of these standards.  He claims in his "affidavit" that in March 2005 he attempted to send his assigned counsel, William Long, Jr., "voluminous legal papers . . . that supported [his] claim of interference with access to the courts . . . " (Item 231, ¶ 3), but employees at the Shawangunk Correctional Facility either deliberately or negligently failed to deliver the package to the facility's mail room.  Plaintiff also states that he sent correspondence to Mr. Long asking him to submit a Rule 60(b) motion to vacate the May 25 order of dismissal due

to "glaring errors" in the court's factual findings with respect to the dates of plaintiff's confinement at the Attica facility and the number of legal actions he commenced during that period, but Mr. Long never replied (*id.* at ¶¶ 12, 19).

In its May 25, 2005 order, the court discussed the undisputed evidence in the summary judgment record which showed that during the period of his confinement at Attica relevant to the issues in this case, plaintiff filed no fewer than forty-nine separate legal actions (including appeals) in the state and federal courts, and made over one hundred written submissions (including letters, motions, briefs, discovery requests, etc.) in just the nine actions commenced in this district during that same period.  The court concluded that, based on this evidence, no reasonable juror could find in plaintiff's favor on his claim that his right of access to the courts was restricted by prison officials at Attica (Item 229, pp. 7-8).  Even if plaintiff was in fact hindered in his attempt to send additional documents to his attorney in March 2005, as set forth in his motion for reconsideration, plaintiff has failed to demonstrate how the those documents might reasonably be expected to alter this conclusion.

Accordingly, in the absence of any showing by plaintiff to suggest an intervening change of controlling law, the availability of new evidence, or the presence of any other "extraordinary circumstances" requiring amendment of the court's May 25, 2005 order to correct a clear error or prevent manifest injustice, plaintiff's motion for reconsideration (Item 231) is denied.

So ordered.

                                                        \s\ John T. Curtin
_____        JOHN T. CURTIN
                                                    United States District Judge

Dated:   July 1,  2005


p:\davidson\92-283.june30.05.reconsider